Eric I. Abraham (eabraham@hillwallack.com)
Kristine L. Butler (kbutler@hillwallack.com)
**HILL WALLACK LLP**
21 Roszel Road
Princeton, New Jersey 08543-5226
(609) 734-6358

*Attorneys for Defendant Sandoz Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPUS GENETICS, INC. and FAMYGEN LIFE SCIENCES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>Defendant. | Civil Action No.: 3:26-04811 (ZNQ)(RLS)<br><br>**ANSWER, DEFENSES, AND COUNTERCLAIMS OF DEFENDANT SANDOZ INC. TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT** |

Defendant Sandoz Inc. ("Sandoz"), by and through the undersigned attorneys, submits its answer, affirmative defenses, and counterclaims to the Complaint ("Complaint") for patent infringement of Plaintiffs Opus Genetics, Inc. ("Opus") and FamyGen Life Sciences, Inc. ("FamyGen") (together, "Plaintiffs"). Sandoz denies all allegations in Plaintiffs' Complaint except those admitted specifically below. This pleading is based upon Sandoz's knowledge of its own activities, and upon information and belief as to the activities of others.

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100, et seq., including 35 U.S.C. §§ 271 and 281, and for declaratory judgment of infringement under 28 U.S.C. §§ 2201 and 2202, arising from Sandoz's submission of Abbreviated New Drug Application ("ANDA") No. 219888 ("Sandoz's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell generic versions of Plaintiffs' RYZUMVI™ (phentolamine ophthalmic solution,

0.75%) drug product prior to the expiration of United States Patent Nos. 12,576,066 ("the '066 patent"), and 12,576,067 ("the '067 patent") (collectively, the "patents-in-suit").

**ANSWER:** This paragraph contains conclusions of law for which no answer is required. To the extent an answer is required, Sandoz admits that this is an action alleging infringement of the '066 patent and the '067 patent. Sandoz further admits that Sandoz submitted ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product before the expiration of the patents-in-suit. Sandoz denies all remaining allegations.

2. Plaintiffs filed a separate action involving the same ANDA No. 219888 in this Court for patent infringement of U.S. Patent Nos. 9,795,560 ("the '560 patent"), 10,278,918 ("the '918 patent"), 10,772,829 ("the '829 patent"), 11,090,261 ("the '261 patent"), 11,844,858 ("the '858 patent"), 11,400,077 ("the '077 patent"), 12,201,615 ("the '615 patent"), and 12,201,616 ("the '616 patent") (collectively, "the First Suit Patents") in Opus Genetics, Inc. et al v. Sandoz Inc., No. 3:25-cv-1895 (D.N.J. filed March 14, 2025) ("the First Suit").

**ANSWER:** Sandoz admits that Plaintiffs filed the First Suit in this Court involving ANDA No. 219888 and the First Suit Patents. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

3. The First Suit was filed in response to letters from Sandoz dated January 31, 2025 ("Sandoz's First Notice Letter") and February 27, 2025 ("Sandoz's Second Notice Letter"), purporting to include a "Notice of Paragraph IV Certification" regarding certain of the First Suit Patents pursuant to Section 505(j)(2)(B) of the Federal, Drug, and Cosmetic Act and 21 C.F.R. § 314.95 for ANDA No. 219888. The First Suit included counts of infringement of the First Suit Patents.

**ANSWER:** Sandoz admits that Sandoz mailed Plaintiff Opus a letter dated January 31, 2025, providing notice of Paragraph IV certification regarding ANDA No. 219888 ("Sandoz's Notice Letter"). Sandoz further admits that Sandoz mailed Plaintiff FamyGen Sandoz's Notice Letter on or about February 27, 2025. Sandoz further admits that the First Suit alleges infringement of the First Suit Patents. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

## THE PARTIES

4. Plaintiff FamyGen Life Sciences, Inc. ("FamyGen") is a corporation organized and existing under the laws of Nevada with a registered agent at 732 S 6th Street, Suite R, Las Vegas, Nevada 89101. FamyGen is the registered holder of approved New Drug Application ("NDA") No. 217064 for RYZUMVI™ and the exclusive licensee of the patents-in-suit with a right to enforce.

**ANSWER:** Sandoz lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

5. Plaintiff Opus Genetics, Inc. ("Opus") is a corporation organized and existing under the laws of Delaware with a place of business at 8 Davis Drive, Suite 220, Durham, North Carolina 27709. Opus is the assignee of the patents-in-suit.

**ANSWER:** Sandoz lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

6. Upon information and belief, Defendant Sandoz is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 100 College Road West, Princeton, New Jersey 08540. Upon information and belief, Sandoz is in the business of, among other things, importing, manufacturing, and selling generic versions of branded pharmaceutical products in and for the U.S. market.

**ANSWER:** Sandoz admits that it is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 100 College Road West, Princeton, New Jersey 08540. Sandoz further admits that it seeks regulatory approval of and sells generic products in the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

7. Upon information and belief, Sandoz is a generic pharmaceutical company that by itself and through its subsidiaries, affiliates, and agents, develops, manufactures, markets and distributes generic pharmaceutical products for sale in the State of New Jersey and throughout the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it is a generic pharmaceutical company that seeks

regulatory approval of and sells generic products in the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz does not contest subject-matter jurisdiction in New Jersey for purposes of this action only, and expressly reserves the right to contest subject-matter jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

9. There is an actual, substantial, justiciable, and continuing controversy between Plaintiffs and Defendant having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding infringement of the patents-in-suit.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief in this action. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

10. This Court has personal jurisdiction over Sandoz. Upon information and belief, Sandoz is in the business of, inter alia, developing, manufacturing, marketing, importing, and selling pharmaceutical products, including generic drug products. Upon information and belief, Sandoz directly or indirectly manufactures, markets, and sells generic drug products throughout the United States and in this judicial district, and this judicial district is a likely destination for its proposed generic RYZUMVI™ drug product ("Sandoz's ANDA Product"). Upon information and belief, Sandoz is a corporation with a principal place of business in New Jersey. Upon information and belief, Sandoz purposefully has conducted and continues to conduct business in this judicial district and has continuous and systematic contacts with the State of New Jersey.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz does not contest personal jurisdiction in New Jersey for

purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

11. Upon information and belief, Sandoz knows and intends that upon approval of Sandoz's ANDA, Sandoz will manufacture Sandoz's ANDA Product and Sandoz will directly or indirectly market, sell, and distribute Sandoz's ANDA Product throughout the United States, including in this judicial district.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product throughout the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

12. Upon information and belief, Sandoz is registered to do business in the State of New Jersey under Entity Identification Number 0100097265 and is registered with the New Jersey Department of Health as a drug manufacturer and wholesaler under Registration Number 5003732.

**ANSWER:** Sandoz admits that it is registered in New Jersey under Entity Identification Number 0100097265 and with the New Jersey Department of Health as a drug manufacturer and wholesaler under Registration Number 5003732. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

13. Sandoz has consented to personal jurisdiction in this Court in numerous recent actions arising out of its ANDA filings and has filed counterclaims in such cases. *See, e.g.*, *Opus Genetics, Inc. et al. v. Sandoz Inc.*, Civil Action No. 25-cv-01895, ECF No. 43 (D.N.J. June 2, 2025); *AstraZeneca Pharms. LP et al. v. Sandoz Inc.*, Civil Action No. 24-00641, ECF No. 14 (D.N.J. Apr. 5, 2024); *Amgen Inc. v. Sandoz Inc.*, Civil Action No. 18-11026, ECF No. 18 (D.N.J. Sept. 25, 2018); *Allergan Sales, LLC v. Sandoz, Inc.*, Civil Action No. 17-10129, ECF No. 18 (D.N.J. Dec. 19, 2017); *Boehringer Ingelheim Pharms., Inc. v. Sandoz, Inc.*, Civil Action No. 17-08825, ECF No. 14 (D.N.J. Jan. 23, 2018); *Mitsubishi Tanabe Pharma Corp. v. MSN Lab'ys Priv. Ltd.*, Civil Action No. 17-05302, ECF No. 28 (D.N.J. Nov. 17, 2017). Sandoz has purposefully availed itself of the rights and benefits of this Court by asserting such counterclaims in this Court.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz does not contest personal jurisdiction in New Jersey for

purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

14. Upon information and belief, Sandoz has a regular and established place of business at 100 College Road West, Princeton, New Jersey 08540 and has committed an act of infringement in this judicial district, where a substantial part of the events and injury giving rise to Plaintiffs' claims has and continues to occur, including the filing and submission of Sandoz's ANDA with the FDA for the purpose of seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Sandoz's ANDA Product in the United States, including New Jersey.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it has a regular and established place of business at 100 College Road West, Princeton, New Jersey 08540. Sandoz further admits that it seeks regulatory approval of and sells generic products in the United States. Further answering, Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product throughout the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

15. Sandoz did not contest jurisdiction in the First Suit. *See Opus Genetics, Inc. et al. v. Sandoz Inc.*, Civil Action No. 25-cv-01895, ECF No. 43 at ¶ 13 (D.N.J. June 2, 2025).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz does not contest personal jurisdiction in New Jersey for purposes of this action only, and expressly reserves the right to contest personal jurisdiction in any other case as to any party, including Plaintiffs. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

16. For at least the foregoing reasons, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz does not contest that venue is proper in New Jersey for purposes of this action only, and expressly reserves the right to contest venue in any other case as to any party, including Plaintiffs. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

## THE NDA

17. Plaintiff FamyGen is the holder of NDA No. 217064 for RYZUMVI™ (phentolamine ophthalmic solution, 0.75%). RYZUMVI™ (phentolamine ophthalmic solution) 0.75% is a sterile solution for topical ophthalmic use containing 1% phentolamine mesylate (equivalent to 0.75% phentolamine).

**ANSWER:** Sandoz admits that the RYZUMVI™ Label states that "Ryzumvi (phentolamine ophthalmic solution) 0.75% is a sterile, clear and colorless solution for topical ophthalmic use containing 1% phentolamine mesylate (equivalent to 0.75% phentolamine)." RYZUMVI™ Label, Revised 11/2023, at Description. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

18. The FDA approved NDA No. 217064 on September 25, 2023. RYZUMVI™ is indicated for the treatment of pharmacologically-induced mydriasis produced by adrenergic agonists (e.g., phenylephrine) or parasympatholytic (e.g., tropicamide) agents.

**ANSWER:** Upon information and belief, Sandoz admits that the Orange Book states that NDA No. 217064 was approved on September 25 ,2023. Further answering, Sandoz admits that the RYZUMVI™ Label states that RYZUMVI™ is "indicated for the treatment of pharmacologically-induced mydriasis produced by adrenergic agonists (e.g., phenylephrine) or parasympatholytic (e.g., tropicamide) agents." RYZUMVI™ Label, Revised 11/2023, at Indications and Usage. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

**THE PATENTS-IN-SUIT**

19. The patents-in-suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to NDA No. 217064 for RYZUMVI™ pursuant to 21 U.S.C. § 355(b)(1).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that the patents-in-suit are listed in the Orange Book with respect to NDA No. 217064 for RYZUMVI™. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

20. March 17, 2026, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '066 patent, titled "Methods and Compositions for Treatment of Mydriasis." A true and correct copy of the '066 patent is attached as Exhibit A. The claims of the '066 patent are valid and enforceable.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that a purported copy of the '066 patent is attached to Plaintiffs' Complaint as Exhibit A, and that, on its face, the '066 patent is titled "Methods and Compositions for Treatment of Mydriasis," and bears an issuance date of March 17, 2026. Sandoz denies that the '066 patent was duly or legally issued. Sandoz further denies that the claims of the '066 patent are valid and enforceable. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

21. Plaintiff Opus is the assignee of the '066 patent through assignment as recorded by the USPTO at Reel 70778, Frame 0585.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that Plaintiff Opus is a purported assignee of the '066 patent according to the records of the USPTO. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

22. Plaintiff FamyGen is the exclusive licensee of the ‘066 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

23. On March 17, 2026, the USPTO duly and lawfully issued the ‘067 patent, titled “Methods and Compositions for Treatment of Mydriasis.” A true and correct copy of the ‘067 patent is attached as Exhibit B. The claims of the ‘067 patent are valid and enforceable.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that a purported copy of the ‘067 patent is attached to Plaintiffs’ Complaint as Exhibit B, and that, on its face, the ‘067 patent is titled “Methods and Compositions for Treatment of Mydriasis,” and bears an issuance date of March 17, 2026. Sandoz denies that the ‘067 patent was duly or legally issued. Sandoz further denies that the claims of the ‘067 patent are valid and enforceable. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

24. Plaintiff Opus is the assignee of the ‘067 patent through assignment as recorded by the USPTO at Reel 70778, Frame 0585.

**ANSWER:** his paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that Plaintiff Opus is a purported assignee of the ‘067 patent according to the records of the USPTO. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

25. Plaintiff FamyGen is the exclusive licensee of the ‘067 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz lacks sufficient knowledge or information to form a belief as to the allegations of this paragraph, and therefore denies the same.

## SANDOZ'S [ALLEGEDLY] INFRINGING ANDA SUBMISSION

26. Upon information and belief, Sandoz filed or caused to be filed with the FDA ANDA No. 219888, under Section 505(j) of the Act and 21 U.S.C. § 355(j).

**ANSWER:** Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product under Section 505(j) of the Food, Drug, and Cosmetic Act and 21 U.S.C. § 355(j). Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

27. Upon information and belief, Sandoz filed or caused to be filed Sandoz's ANDA to obtain FDA approval to engage in commercial manufacture, use, and sale in the United States of Sandoz's ANDA Product, intended to be a generic version of RYZUMVI™

**ANSWER:** Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

28. Upon information and belief, including based on requirements of the FDA, Sandoz filed or caused to be filed ANDA No. 219888 to obtain FDA approval of Sandoz's ANDA Product that is the same, or substantially the same, as RYZUMVI™. Upon information and belief, including based on requirements of the FDA, Sandoz filed or caused to be filed ANDA No. 219888 to obtain approval of Sandoz's ANDA Product that has a label and indications that are the same, or substantially the same, as RYZUMVI™.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

## COUNT I FOR PATENT INFRINGEMENT

### [Alleged] Infringement of the '066 Patent Under 35 U.S.C. § 271(e)(2)

29. Paragraphs 1-28 are incorporated herein as set forth above.

**ANSWER:** Sandoz incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

30. Upon information and belief, Sandoz filed or caused to be filed Sandoz's ANDA, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '066 patent.

**ANSWER:** Sandoz admits that Sandoz submitted ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product before the expiration of the '066 patent. Except as expressly admitted, Sandoz denies any remaining allegations.

31. Upon information and belief, in its ANDA No. 219888, Sandoz has or will file with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '066 patent are invalid, unenforceable and/or will not be infringed.

**ANSWER:** Sandoz admits that Sandoz has or will file with the FDA a certification alleging that the claims of the '066 patent are invalid, unenforceable and/or will not be infringed. Except as expressly admitted, Sandoz denies any remaining allegations.

32. Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations in this paragraph.

33. Upon information and belief, Sandoz has actual knowledge of the '066 patent. Upon information and belief, Sandoz became aware of the '066 patent no later than the date on which the patent was issued by the Patent Office.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it has actual knowledge of the '066 patent, as evidenced by Plaintiffs' Complaint. Sandoz denies the remaining allegations in this paragraph.

34. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed

at least one claim of the '066 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '066 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

35. Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product in the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

36. Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '066 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '066 patent and any additional periods of exclusivity.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

37. Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 set forth herein were done by and for the benefit of Sandoz.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

38. Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

39. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief. Sandoz denies any remaining allegations of this paragraph.

40. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief. Sandoz denies any remaining allegations of this paragraph.

## COUNT II FOR PATENT INFRINGEMENT

### Declaratory Judgment of [Alleged] Infringement of the '066 Patent

41. Paragraphs 1-40 are incorporated herein as set forth above.

**ANSWER:** Sandoz incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

42. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that Plaintiffs' Complaint purports to bring an action for infringement of the '066 patent, and that the action purports to arise under 28 U.S.C. §§ 2201 and 2202. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

43. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

44. Upon information and belief, Sandoz has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '066 patent, including Sandoz's submission of ANDA No. 219888.

**ANSWER:** Sandoz admits that Sandoz submitted ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product before the expiration of the '066 patent. Except as expressly admitted, Sandoz denies any remaining allegations.

45. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '066 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

46. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '066 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

## COUNT III FOR PATENT INFRINGEMENT

### [Alleged] Infringement of the '067 Patent Under 35 U.S.C. § 271(e)(2)

47. Paragraphs 1-46 are incorporated herein as set forth above.

**ANSWER:** Sandoz incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

48. Upon information and belief, Sandoz filed or caused to be filed Sandoz's ANDA, seeking approval to manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States before the expiration of the '067 patent.

**ANSWER:** Sandoz admits that Sandoz submitted ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product before the expiration of the '067 patent. Except as expressly admitted, Sandoz denies any remaining allegations.

49. Upon information and belief, in its ANDA No. 219888, Sandoz has or will file with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) and 21 C.F.R. § 314.94(a)(12)(i)(A)(4), a certification alleging that the claims of the '067 patent are invalid, unenforceable and/or will not be infringed.

**ANSWER:** Sandoz admits that Sandoz has or will file with the FDA a certification alleging that the claims of the '067 patent are invalid, unenforceable and/or will not be infringed. Except as expressly admitted, Sandoz denies any remaining allegations.

50. Upon information and belief, in its ANDA No. 219888, Sandoz has represented to the FDA that Sandoz's ANDA Product is pharmaceutically and therapeutically equivalent to RYZUMVI™.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations in this paragraph.

51. Upon information and belief, Sandoz has actual knowledge of the '067 patent. Upon information and belief, Sandoz became aware of the '067 patent no later than the date on which the patent was issued by the Patent Office.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it has actual knowledge of the '067 patent, as evidenced by Plaintiffs' Complaint. Sandoz denies the remaining allegations in this paragraph.

52. Upon information and belief, under 35 U.S.C. § 271(e)(2)(A), Sandoz has infringed at least one claim of the '067 patent by submitting, or causing to be submitted, to the FDA ANDA No. 219888, seeking approval to manufacture, use, import, offer to sell or sell Sandoz's ANDA Product before the expiration date of the '067 patent.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

53. Upon information and belief, if ANDA No. 219888 is approved, Sandoz intends to and will manufacture, use, import, offer to sell and/or sell Sandoz's ANDA Product in the United States.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that it filed ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product throughout the United States. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

54. Upon information and belief, if ANDA No. 219888 is approved, Sandoz will directly or indirectly infringe one or more claims of the '067 patent under 35 U.S.C. § 271(a), (b), and/or (c) by making, using, offering to sell, selling and/or importing Sandoz's ANDA Product, unless this Court orders that the effective date of any FDA approval of ANDA No. 219888 shall be no earlier than the expiration of the '067 patent and any additional periods of exclusivity.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

55. Upon information and belief, Sandoz's actions relating to Sandoz's ANDA No. 219888 set forth herein were done by and for the benefit of Sandoz.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

56. Plaintiffs will be irreparably harmed by Sandoz's infringing activities unless this Court enjoins those activities.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

57. Plaintiffs do not have an adequate remedy at law.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief. Sandoz denies any remaining allegations of this paragraph.

58. This case is an exceptional one, and Plaintiffs are entitled to an award of their reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief. Sandoz denies any remaining allegations of this paragraph.

## COUNT IV FOR PATENT INFRINGEMENT

### Declaratory Judgment of [Alleged] Infringement of the '067 Patent

59. Paragraphs 1-58 are incorporated herein as set forth above.

**ANSWER:** Sandoz incorporates its answers to each of the preceding paragraphs as if fully set forth herein.

60. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz admits that Plaintiffs' Complaint purports to bring an action for infringement of the '067 patent, and that the action purports to arise under 28 U.S.C. §§ 2201 and 2202. Except as expressly admitted, Sandoz denies any remaining allegations in this paragraph.

61. There is an actual case or controversy such that the Court may entertain Plaintiffs' request for declaratory relief consistent with Article III of the United States Constitution, and this actual case or controversy requires a declaration of rights by this Court.

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

62. Upon information and belief, Sandoz has made, and will continue to make, substantial preparation in the United States to manufacture, use, offer to sell, sell, and/or import Sandoz's ANDA Product before the expiration date of the '067 patent, including Sandoz's submission of ANDA No. 219888.

**ANSWER:** Sandoz admits that Sandoz submitted ANDA No. 219888 with the FDA seeking approval to manufacture, use, or sell Sandoz's ANDA Product before the expiration of the '067 patent. Except as expressly admitted, Sandoz denies any remaining allegations.

63. Upon information and belief, any commercial manufacture, use, offer for sale, sale, and/or importation of Sandoz's ANDA Product will directly infringe, contributorily infringe, and/or induce infringement of at least one claim of the '067 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

64. Plaintiffs are entitled to a declaratory judgment that future commercial manufacture, use, offer of sale, sale, and/or importation of Sandoz's ANDA Product will constitute infringement of at least one claim of the '067 patent under 35 U.S.C. § 271(a), (b), and/or (c).

**ANSWER:** This paragraph contains legal conclusions to which no answer is required. To the extent an answer is required, Sandoz denies the allegations of this paragraph.

## PRAYER FOR RELIEF

The remainder of Plaintiffs' Complaint recites a prayer for relief for which no response is required. To the extent any response is required, Sandoz denies that Plaintiffs are entitled to any remedy or relief.

## AFFIRMATIVE DEFENSES

Further answering Plaintiffs' Complaint, Sandoz asserts the following defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated below. Sandoz reserves the right to amend this Answer with additional defenses as further information is obtained. Sandoz asserts the following defenses without prejudice to the denials in this Answer and without admitting any allegations of the Complaint not otherwise denied.

**First Defense**

The filing of Sandoz's ANDA has not infringed, does not infringe, and will not infringe any valid and enforceable claim of the Patents-in-Suit.

**Second Defense**

The manufacture, use, sale, offer for sale, or importation of Sandoz's ANDA Product has not, does not, and would not infringe, directly or indirectly, any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents.

**Third Defense**

The claims of the Patents-in-Suit are invalid for failure to comply with the statutory provisions of Title 35 of the United States Code, including without limitation sections 101, 102, 103, and/or 112, or other judicially created bases for invalidity.

**Fourth Defense**

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

**Fifth Defense**

Sandoz's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**Sixth Defense**

Sandoz has not induced, or contributed to, infringement of any claim of the Patents-in-Suit.

**Seventh Defense**

Plaintiffs are estopped from asserting infringement by the doctrine of prosecution history estoppel, judicial estoppel, unclean hands and/or other equitable doctrines.

**Eighth Defense**

Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

For its counterclaims against Plaintiffs/Counterclaim-Defendants Opus Genetics, Inc. ("Opus") and FamyGen Life Sciences, Inc. ("FamyGen") (together, "Counterclaim-Defendants" or "Plaintiffs"), Sandoz Inc. ("Sandoz") states as follows:

### PARTIES

1. Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 College Road West, Princeton, New Jersey 08540.

2. Counterclaim-Defendants' complaint alleges that Opus is a corporation organized and existing under the laws of Delaware with a place of business at 8 Davis Drive, Suite 220, Durham, North Carolina 27709.

3. Counterclaim-Defendants' complaint alleges that FamyGen is a corporation organized and existing under the laws of Nevada with a registered agent at 732 S 6th Street, Suite R, Las Vegas, Nevada 89101.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

5. This Court has personal jurisdiction over Counterclaim-Defendants because, among other reasons, they subjected themselves to the jurisdiction of this Court by filing their complaint here.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b), and by Counterclaim-Defendants' choice of forum.

7. There is an actual and justiciable controversy between the parties as to the noninfringement and invalidity of the patents-in-suit.

## BACKGROUND

### The Patents-in-Suit

8. Sandoz submitted Abbreviated New Drug Application ("ANDA") No. 219888 ("Sandoz's ANDA") to obtain FDA approval to engage in the commercial manufacture, use, and sale of an ophthalmic solution containing 1% phentolamine mesylate (EQ 0.75% BASE) ("Sandoz's ANDA Product") within the United States.

9. On information and belief, FamyGen is the registered holder of approved New Drug Application ("NDA") No. 217064 for RYZUMVI™ for phentolamine ophthalmic solution 0.75%.

10. On information and belief, Plaintiffs Opus and/or FamyGen caused U.S. Patent Nos. 12,576,066 ("the '066 patent") and 12,576,067 ("the '067 patent") (collectively, the "patents-in-suit") to be listed in the publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations, commonly called the "Orange Book," as patents that purportedly claim the drug listed in, and/or purportedly claim a method of using the drug for which FamyGen holds NDA No. 217064.

11. On its face, the '066 patent is titled "Methods and Compositions for Treatment of Mydriasis" and issued on March 17, 2026.

12. On its face, the '067 patent is titled "Methods and Compositions for Treatment of Mydriasis" and issued on March 17, 2026.

13. Counterclaim-Defendants' complaint alleges that Opus is the assignee of the patents-in-suit.

14. On March 14, 2025, Counterclaim-Defendants filed the First Suit alleging infringement of the First Suit Patents.

15. On April 29, 2026, Counterclaim-Defendants filed the present action alleging infringement of the ‘066 and ‘067 patents.

16. There has been and now is an actual and justiciable controversy between the parties as to whether Sandoz’s ANDA Product infringes, induces infringement, or contributes to the infringement of any valid and enforceable claim of the patents-in-suit.

## COUNT I: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE ‘066 PATENT

17. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

18. Counterclaim-Defendants allege ownership of the ‘066 patent and have brought claims against Sandoz alleging infringement of the ‘066 patent.

19. The manufacture, use, or sale of Sandoz’s ANDA Product would not infringe any valid or enforceable claim of the ‘066 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

20. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz’s ANDA and/or the manufacture, use, or sale in the United States of Sandoz’s ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the ‘066 patent.

21. Sandoz has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the ‘066 patent and is not liable for such infringement.

22. Sandoz is entitled to a declaration that the manufacture, use or sale of Sandoz’s ANDA Product would not infringe any valid or enforceable claim of the ‘066 patent.

**COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF THE '066 PATENT**

23. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

24. Counterclaim-Defendants allege ownership of the '066 patent and have brought claims against Sandoz alleging infringement of the '066 patent.

25. One or more claims of the '066 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

26. The alleged invention of the '066 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the '066 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the '066 patent and would have had a reasonable expectation of success in doing so.

27. The subject matter claimed in the '066 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

28. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz's ANDA and/or the manufacture, use, or sale in the United States of Sandoz's ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the '066 patent.

29. Sandoz is entitled to a declaration that all claims of the '066 patent are invalid under 35

U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**COUNT III: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '067 PATENT**

30. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

31. Counterclaim-Defendants allege ownership of the '067 patent and have brought claims against Sandoz alleging infringement of the '067 patent.

32. The manufacture, use, or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '067 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz's ANDA and/or the manufacture, use, or sale in the United States of Sandoz's ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the '067 patent.

34. Sandoz has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '067 patent and is not liable for such infringement.

35. Sandoz is entitled to a declaration that the manufacture, use or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '067 patent.

**COUNT IV: DECLARATORY JUDGMENT OF INVALIDITY OF THE '067 PATENT**

36. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

37. Counterclaim-Defendants allege ownership of the '067 patent and have brought claims against Sandoz alleging infringement of the '067 patent.

38. One or more claims of the '067 patent are invalid under one or more provisions of 35

U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

39. The alleged invention of the ‘067 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ‘067 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ‘067 patent and would have had a reasonable expectation of success in doing so.

40. The subject matter claimed in the ‘067 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

41. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz’s ANDA and/or the manufacture, use, or sale in the United States of Sandoz’s ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the ‘067 patent.

42. Sandoz is entitled to a declaration that all claims of the ‘067 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

## PRAYER FOR RELIEF

WHEREFORE, Sandoz respectfully requests that this Court enter judgment granting the following relief:

a. Dismissing Counterclaim-Defendants’ Complaint with prejudice;

b. Entering judgment that neither the filing of Sandoz's ANDA nor the manufacture, use, or sale of Sandoz's ANDA Product has infringed, infringes, or will infringe any valid and enforceable claim of the '066 patent;

c. Entering judgment that neither the filing of Sandoz's ANDA nor the manufacture, use, or sale of Sandoz's ANDA Product has infringed, infringes, or will infringe any valid and enforceable claim of the '067 patent;

d. Declaring that the manufacture, use, offer to sell, sale, and/or importation in the United States of Sandoz's ANDA Product does not and will not infringe any valid and enforceable claim of the '066 patent;

e. Declaring that the manufacture, use, offer to sell, sale, and/or importation in the United States of Sandoz's ANDA Product does not and will not infringe any valid and enforceable claim of the '067 patent;

f. Declaring that the claims of the '066 patent are invalid and/or unenforceable;

g. Declaring that the claims of the '067 patent are invalid and/or unenforceable;

h. Awarding Sandoz its costs and expenses in this action;

i. Declaring this an exceptional case in favor of Sandoz and awarding Sandoz its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

j. Awarding such other and further relief as this Court deems just and proper.

WHEREFORE, Sandoz requests that Counterclaim-Defendants' Complaint be dismissed with prejudice and that Sandoz be awarded the costs of this action, its attorneys' fees, and all other relief that this Court deems just and proper.

Dated: June 3, 2026

Respectfully submitted,

*OF COUNSEL:*

Maureen Rurka*
Brian L. O'Gara*
**WINSTON TAYLOR LLP**
35 W Wacker Dr
Chicago, IL 60601
(312) 558-5600
maureen.rurka@winstontaylor.com
brian.ogara@winstontaylor.com

*s/ Eric I. Abraham*
Eric I. Abraham
Kristine L. Butler
**HILL WALLACK LLP**
21 Roszel Road
Princeton, NJ 08543-5226
(609) 734-6358
eabraham@hillwallack.com
wmurtha@hillwallack.com
kbutler@hillwallack.com

*Attorneys for Sandoz Inc.*

Charles B. Klein*
**WINSTON TAYLOR LLP**
1901 L Street NW
Washington, DC 20036
(202) 282-5977
chuck.klein@winstontaylor.com

Noorossadat Torabi*
**WINSTON TAYLOR LLP**
101 California Street, 21st Floor
San Francisco, CA 94111
(415) 591-1000
noori.torabi@winstontaylor.com

Rain Sun*
**WINSTON TAYLOR LLP**
255 Shoreline Drive, Suite 520
Redwood City, CA 94065
rain.sun@winstontaylor.com

**Pro Hac Vice to be submitted*

**LOCAL CIVIL RULE 11.2 and 40.1 CERTIFICATION**

Pursuant to Local Civil Rule 11.2 and 40.1, I hereby certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding; with the exception of the following action:

- *Opus Genetics, Inc. and FamyGen Life Sciences, Inc., v Sandoz Inc.*, 3:25-cv-1895-ZNQ-RLS (involving United States Patent Nos. 9,795,560; 10,278,918; 10,772,829; 11,090,261; 11,844,858; 11,400,077; 12,201,615; and 12,201,616).

Dated: June 3, 2026

*s/ Eric I. Abraham*
Eric I. Abraham

**LOCAL CIVIL RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that the parties seek, *inter alia*, injunctive and declaratory relief in their respective pleadings.

I hereby certify under penalty of perjury that the foregoing is true and correct.

Dated: June 3, 2026

*s/ Eric I. Abraham*
Eric I. Abraham

**CERTIFICATE OF SERVICE**

I certify that on June 3, 2026, a true and correct copy of the foregoing was served on Plaintiffs' counsel of record by way of the CM/ECF System and via email.

*s/ Eric I. Abraham*
Eric I. Abraham