DUANE MORRIS LLP
By: Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Tel: (973) 424-2061
Fax: (973) 556-1464
Email: sfstewart@duanemorris.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPUS GENETICS, INC. and FAMYGEN LIFE SCIENCES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>SANDOZ INC.,<br><br>Defendant. | Civil Action No.: 3:26-04811(ZNQ)(RLS)<br><br>**ANSWER TO COUNTERCLAIMS** |

Plaintiffs and Counterclaim Defendants Opus Genetics, Inc. ("Opus") and FamyGen Life Sciences, Inc. ("FamyGen") (collectively, "Plaintiffs" or "Counterclaim Defendants"), by their attorneys, hereby respond to the Counterclaims contained in the Answer and Counterclaims of Defendant Sandoz Inc. ("Sandoz") dated June 3, 2026. ECF No. 11. With respect to the allegations in the numbered paragraphs beginning under the heading "Counterclaims" on page 20 of Sandoz's Counterclaims, Plaintiffs respond as follows:[1]

**PARTIES**

1. Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 College Road West, Princeton, New Jersey 08540.

[1] All allegations not specifically admitted are denied.

**ANSWER**: Plaintiffs admit, on information and belief, that Sandoz Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 100 College Road West, Princeton, New Jersey 08540.

2. Counterclaim-Defendants' complaint alleges that Opus is a corporation organized and existing under the laws of Delaware with a place of business at 8 Davis Drive, Suite 220, Durham, North Carolina 27709.

**ANSWER**: Plaintiff Opus admits that it is a corporation organized and existing under the laws of Delaware with a place of business at 8 Davis Drive, Suite 220, Durham, North Carolina 27709. Plaintiffs deny the remaining allegations of Paragraph 2.

3. Counterclaim-Defendant's complaint alleges that FamyGen is a corporation organized and existing under the laws of Nevada with a registered agent at 732 S 6th Street, Suite R, Las Vegas, Nevada 89101.

**ANSWER**: Plaintiff FamyGen admits that it is a corporation organized and existing under the laws of Nevada with a registered agent at 732 S 6th Street, Suite R, Las Vegas, Nevada 89101. Plaintiffs deny the remaining allegations of Paragraph 3.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

**ANSWER**: The allegations of Paragraph 4 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that the Counterclaims purport to state counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. Plaintiffs do not contest that this Court has subject matter jurisdiction for the purposes of Sandoz's Counterclaims in this action only. Plaintiffs deny any remaining allegations of Paragraph 4.

5. This Court has personal jurisdiction over Counterclaim-Defendants because, among other reasons, they subjected themselves to the jurisdiction of this Court by filing their complaint here.

**<u>ANSWER</u>**: The allegations of Paragraph 5 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that this Court has personal jurisdiction over Plaintiffs for purposes of Sandoz's Counterclaims in this action only, but deny the remaining allegations of Paragraph 5 and deny that Sandoz is entitled to any of the relief that it seeks.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(b), and by Counterclaim-Defendants' choice of forum.

**<u>ANSWER</u>**: The allegations of Paragraph 6 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest venue in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) for purposes of Sandoz's Counterclaims in this action only, but deny the remaining allegations of Paragraph 6 and deny that Sandoz is entitled to any of the relief that it seeks.

7. There is an actual and justiciable controversy between the parties as to the noninfringement and invalidity of the patents-in-suit.

**<u>ANSWER</u>**: The allegations of Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the patents-in-suit. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 7.

## BACKGROUND

### The Patents-in-Suit

8. Sandoz submitted Abbreviated New Drug Application ("ANDA") No. 219888 ("Sandoz's ANDA") to obtain FDA approval to engage in the commercial manufacture, use, and sale of an ophthalmic solution containing 1% phentolamine mesylate (EQ 0.75% BASE) ("Sandoz's ANDA Product") within the United States.

**ANSWER**: Plaintiffs admit that, on information and belief, Sandoz submitted ANDA No. 219888 to the FDA to obtain FDA approval to engage in the commercial manufacture, use, and sale of an ophthalmic solution containing 1% phentolamine mesylate (EQ 0.75% BASE) within the United States. Plaintiffs deny any remaining allegations of Paragraph 8.

9. On information and belief, FamyGen is the registered holder of approved New Drug Application ("NDA") No. 217064 for RYZUMVI™ for phentolamine ophthalmic solution 0.75%.

**ANSWER**: Plaintiff FamyGen admits that it is the holder of New Drug Application ("NDA") No. 217064 for RYZUMVI™ (phentolamine ophthalmic solution 0.75%).

10. On information and belief, Plaintiffs Opus and/or FamyGen caused U.S. Patent Nos. 12,576,066 ("the '066 patent") and 12,576,067 ("the '067 patent") (collectively, the "patents-in-suit") to be listed in the publication entitled Approved Drug Products with Therapeutic Equivalence Evaluations, commonly called the "Orange Book," as patents that purportedly claim the drug listed in, and/or purportedly claim a method of using the drug for which FamyGen holds NDA No. 217064.

**ANSWER**: Plaintiffs admit that the patents-in-suit are properly listed in the Approved Drug Products with Therapeutic Equivalence Evaluations ("the Orange Book") in connection with NDA No. 217064. Plaintiffs deny any remaining allegations of Paragraph 10.

11. On its face, the '066 patent is titled "Methods and Compositions for Treatment of Mydriasis" and issued on March 17, 2026.

**ANSWER**: Plaintiffs admit that the '066 patent is titled "Methods and Compositions for Treatment of Mydriasis" and lists on its face an issuance date of March 17, 2026.

12. On its face, the '067 patent is titled "Methods and Compositions for Treatment of Mydriasis" and issued on March 17, 2026.

**ANSWER**: Plaintiffs admit that the '067 patent is titled "Methods and Compositions for Treatment of Mydriasis" and lists on its face an issuance date of March 17, 2026.

13. Counterclaim-Defendants' complaint alleges that Opus is the assignee of the patents-in-suit.

**ANSWER**: Admitted.

14. On March 14, 2025, Counterclaim-Defendants filed the First Suit alleging infringement of the First Suit Patents.

**ANSWER**: Plaintiffs admit that they filed the First Suit alleging infringement of the First Suit Patents by Sandoz on March 14, 2025.

15. On April 29, 2026, Counterclaim-Defendants filed the present action alleging infringement of the '066 and '067 patents.

**ANSWER**: Plaintiffs admit that they filed the present action alleging infringement of the '066 and '067 patents on April 29, 2026.

16. There has been and now is an actual and justiciable controversy between the parties as to whether Sandoz's ANDA Product infringes, induces infringement, or contributes to the infringement of any valid and enforceable claim of the patents-in-suit.

**ANSWER**: The allegations of Paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the patents-in-suit. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 16.

**COUNT I:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '066 PATENT**

17. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate by reference their responses to Paragraphs 1-16 as if fully set forth herein.

18. Counterclaim-Defendants allege ownership of the '066 patent and have brought claims against Sandoz alleging infringement of the '066 patent.

**ANSWER**: Plaintiffs admit that Opus is the assignee of the '066 patent and FamyGen is the exclusive licensee of the '066 patent with a right to enforce. Plaintiffs further admit that they brought an action against Sandoz under the patent laws of the United States alleging infringement of the '066 patent.

19. The manufacture, use, or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '066 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: Denied.

20. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz's ANDA and/or the manufacture, use, or sale in the

United States of Sandoz's ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the '066 patent.

**ANSWER**: The allegations of Paragraph 20 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the '066 patent. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 20.

21. Sandoz has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '066 patent and is not liable for such infringement.

**ANSWER**: Denied.

22. Sandoz is entitled to a declaration that the manufacture, use or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '066 patent.

**ANSWER**: Denied.

**COUNT II:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '066 PATENT**

23. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate by reference their responses to Paragraphs 1-22 as if fully set forth herein.

24. Counterclaim-Defendants allege ownership of the '066 patent and have brought claims against Sandoz alleging infringement of the '066 patent.

**ANSWER**: Plaintiffs admit that Opus is the assignee of the '066 patent and FamyGen is the exclusive licensee of the '066 patent with a right to enforce. Plaintiffs further admit that they

brought an action against Sandoz under the patent laws of the United States alleging infringement of the ’066 patent.

25. One or more claims of the ‘066 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

26. The alleged invention of the ‘066 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ‘066 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ‘066 patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

27. The subject matter claimed in the ‘066 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

28. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz’s ANDA and/or manufacture, use, or sale in the United States of Sandoz’s ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the ‘066 patent.

**ANSWER**: The allegations of Paragraph 28 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the '066 patent. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 28.

29. Sandoz is entitled to a declaration that all claims of the '066 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

**COUNT III:**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '067 PATENT**

30. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate by reference their responses to Paragraphs 1-29 as if fully set forth herein.

31. Counterclaim-Defendants allege ownership of the '067 patent and have brought claims against Sandoz alleging infringement of the '067 patent.

**ANSWER**: Plaintiffs admit that Opus is the assignee of the '067 patent and FamyGen is the exclusive licensee of the '067 patent with a right to enforce. Plaintiffs further admit that they brought an action against Sandoz under the patent laws of the United States alleging infringement of the '067 patent.

32. The manufacture, use, or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '067 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: Denied.

33. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz's ANDA and/or the manufacture, use, or sale in the United States of Sandoz's ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the '067 patent.

**ANSWER**: The allegations of Paragraph 33 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the '067 patent. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 33.

34. Sandoz has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the '067 patent and is not liable for such infringement.

**ANSWER**: Denied.

35. Sandoz is entitled to a declaration that the manufacture, use or sale of Sandoz's ANDA Product would not infringe any valid or enforceable claim of the '067 patent.

**ANSWER**: Denied.

**COUNT IV:**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '067 PATENT**

36. Sandoz incorporates by reference the allegations in the foregoing paragraphs of its counterclaims as if fully set forth herein.

**ANSWER**: Plaintiffs incorporate by reference their responses to Paragraphs 1-35 as if fully set forth herein.

37. Counterclaim-Defendants allege ownership of the '067 patent and have brought claims against Sandoz alleging infringement of the '067 patent.

**ANSWER**: Plaintiffs admit that Opus is the assignee of the ’067 patent and FamyGen is the exclusive licensee of the ’067 patent with a right to enforce. Plaintiffs further admit that they brought an action against Sandoz under the patent laws of the United States alleging infringement of the ’067 patent.

38. One or more claims of the ‘067 patent are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

39. The alleged invention of the ‘067 patent does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the ‘067 patent is not more than the predictable use of prior art elements according to their established functions. A person of skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the ‘067 patent and would have had a reasonable expectation of success in doing so.

**ANSWER**: Denied.

40. The subject matter claimed in the ‘067 patent fails to comply with 35 U.S.C. § 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: Denied.

41. There is an actual, substantial, continuing, and justiciable controversy between the parties regarding whether the filing of Sandoz’s ANDA and/or the manufacture, use, or sale in the

United States of Sandoz's ANDA Product infringe, have infringed, and/or will infringe any valid and enforceable claim of the '067 patent.

**ANSWER**: The allegations of Paragraph 41 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that an actual controversy exists between Plaintiffs and Sandoz regarding Sandoz's infringement of the claims of the '067 patent. Plaintiffs deny that Sandoz is entitled to any of the relief it seeks and deny the remaining allegations of Paragraph 41.

42. Sandoz is entitled to a declaration that all claims of the '067 patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**ANSWER**: Denied.

**PLAINTIFFS' RESPONSE TO SANDOZ'S PRAYER FOR RELIEF**

Plaintiffs deny all remaining allegations not specifically admitted herein and deny that Sandoz is entitled to any of the relief it has requested or to any relief at all.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court deny in its entirety any and all relief sought by Sandoz, award Plaintiffs their costs, expenses and disbursements in this action, and award Plaintiffs any further relief that this Court deems just and proper.

Dated: June 24, 2026

**DUANE MORRIS LLP**

By: *s/ Sarah Fehm Stewart*
Sarah Fehm Stewart, Esq.
200 Campus Drive, Suite 300
Florham Park, New Jersey 07932
Tel: (973) 424-2061
Fax: (973) 556-1464
Email: sfstewart@duanemorris.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Deepro R. Mukerjee (*pro hac vice* application forthcoming)
Lance A. Soderstrom (*pro hac vice* application forthcoming)
**KATTEN MUCHIN ROSENMAN LLP**
50 Rockefeller Plaza
New York, NY 10020
(212) 940-8800
deepro.mukerjee@katten.com
lance.soderstrom@katten.com

Christopher B. Ferenc
**KATTEN MUCHIN ROSENMAN LLP**
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
(202) 625-3500
christopher.ferenc@katten.com

Jillian M. Schurr-Hendrix (*pro hac vice* application forthcoming)
**KATTEN MUCHIN ROSENMAN LLP**
2121 North Pearl Street, Suite 1100
Dallas, TX 75201
(214) 765-3600
jillian.schurr-hendrix@katten.com

*Attorneys for Plaintiff*